# Povalofsky *v.* Venite Processed Floor Company, Appellant.

Argued November 18, 1958.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Glenn A. Troutman*, with him *McWilliams, Wagoner
& Troutman*, for appellant.

*Richard D. Solo*, with him *Lipschutz, Solo* and
*Bergman*, for appellee.

OPINION PER CURIAM, January 5, 1959:
Plaintiff was working on an eighteen foot high mov-
able scaffold which rolled on a newly laid concrete
floor covered with curing (sisal) paper.   As the scaf-
fold was being moved the wheel came in contact with
a block of wood which was under the curing paper and
which broke through and protruded out of the paper
causing the scaffold to topple.   Plaintiff fell to the
floor and suffered injuries.

Appellant now seeks to escape the liability imposed
upon it by the jury's verdict on the theory that plain-

tiff failed to establish a prima facie case, and that the testimony was only speculative as to who was at fault. The jury's verdict determined that the accident happened as a result of the wheel of the scaffold striking against the piece of wood concealed beneath the curing paper. The verdict further determined that the wood was negligently left on the floor when the employes of defendant applied the paper covering. This negligence occasioned the scaffold to fall resulting in plaintiff's injuries.

Plaintiff was an employe of a subcontractor engaged in a common building project with the defendant who was the flooring subcontractor. The Restatement, Torts, §384 defines their respective obligations to each other as follows: "One who on behalf of the possessor of land erects a structure or creates any other condition thereon, is subject to the same liability . . . as though he were the possessor of the land, for bodily harm caused to others within and without the land, while the work is in his charge, by the dangerous character of the structure or other condition."

The record discloses sufficient evidence to support the jury's findings and to justify the inferences of the jury which resulted in a verdict for the plaintiff. We will not disturb the jury's verdict.

Judgment affirmed.